IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ZAVIEN CANADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00191 |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Zavien Canada, a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Canada asserts that on April 3, 2015, Federal Bureau of Prisons ("BOP") officials reclassified him to the special management unit ("SMU") in violation of his "protected liberty interest right" and due process rights. (Dkt. No. 1 at 2, 6.) He complains that he was found to fit the criteria and referred to the SMU program before ever having an opportunity to contest that designation. (Dkt. No. 1 at 2–3.) Canada's request for relief is "three-fold." (Dkt. No. 1-1 at 3–4.) He requests that (1) his claim be construed as a class action; (2) this court review the BOP's current implementation of its policy concerning SMUs to ensure due process; and (3) the court enjoin all future SMU designation hearings and stay all transfers currently approved for SMU, to include his own, in order to prevent further loss of a protected liberty interest. After review of Canada's petition, the court concludes that it must be summarily

---

[1] Canada is confined at the United States Penitentiary in Lee County, Virginia ("USP-Lee"), located within the territorial jurisdiction of this court.

dismissed without prejudice for failure to state a claim under § 2241.[2]

It is well-settled law that habeas corpus jurisdiction extends to claims that challenge the legal basis of a prisoner's confinement or its duration, § 2241(c)(3), but does not extend to claims concerning the living conditions a prisoner encounters while in confinement. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the prisoner's confinement. . . ." (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *Sanchez v. F.B.O.P.*, No. 7:12-cv-00371, 2012 WL 5463195, at *1 (W.D. Va. Nov. 8, 2012) (claim that staff acted unethically in sending prisoner to SMU program did not sound in habeas).

Canada's petition challenges only the conditions of his confinement—the fact that he is now subject to the conditions of SMU housing (or soon will be), rather than those he enjoyed before his reclassification. Canada's pleading does not state facts suggesting any way in which his reassignment to SMU housing will have any bearing on the validity or the duration of his confinement in the BOP. Put differently, "even if petitioner's SMU claim [were] successful . . ., releasing petitioner from the SMU to the general population would not alter the fact or duration of [his] confinement." *Sanchez*, 2012 WL 5463195, at *1. Therefore, Canada's allegations, although styled as a petition for habeas corpus relief, do not actually present any claims that

---

[2] *See* Rules 1(b) and 4 of the Rules Governing § 2254 Cases (allowing summary dismissal of *habeas* petitions when it is clear from the face of the submissions that petitioner is not entitled to relief).

2

sound in *habeas* or provide any ground on which he could be entitled to such relief.[3]

The court further notes that, to the extent Canada seeks to prosecute this action on behalf of a class of prisoners, he may not proceed *pro se* and represent members of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

For the reasons stated, the court will summarily dismiss Canada's habeas petition without prejudice for failure to state a claim upon which the requested relief can be granted. An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

Entered: June 30, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[3] A federal prisoner who wishes to challenge the conditions of his confinement, as opposed to its duration, may do so through a civil rights action under *Bivens v. Six Unknown Named Federal Agents of Fed. Bureau of Narcotics*, 403 U.S. 544, 555 (1971). *See McIntosh*, 115 F.3d at 812. Because Canada is proceeding pro se, the court could liberally construe his pleading as a *Bivens* action, but the court declines to do so for several reasons. First, Canada's complaint does not indicate that he has exhausted administrative remedies under the prison's grievance procedures as required before he can file a civil rights action about defects in the SMU procedure or his SMU classification. *See* 42 U.S.C. § 1997e(a). Second, he has not named a proper defendant to any *Bivens* claim. Canada's petition names only the warden as an opposing party, and does not describe any action taken by the warden personally that violated Canada's constitutional rights, as required to state a *Bivens* claim.